UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-12381-ODW (PVCx) | Date | January 6, 2026 |
| Title | *Vivek Shah v. Secureworks Corp.* | | |

| | | |
|---|---|---|
| Present: The Honorable | Otis D. Wright II, United States District Judge | |
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings (In Chambers):**

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The citizenship of a party depends on the party's form. For instance, an individual is a citizen of the state in which she is *domiciled*, that is, where she resides and intends to remain. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (quoting *Owens. v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018).

Here, Plaintiff asserts federal subject matter jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332(a). (*See* Compl. ¶ 5, Dkt. No. 1.) Plaintiff alleges that Plaintiff is a citizen of the United States and a resident of California, (*id.* ¶ 8), and Defendant SecureWorks Corp. "is a Delaware business entity," (*id.* ¶ 9). Plaintiff asserts one cause of action and seeks a civil penalty of $5,000 for each of "numerous" violations of Cal. Penal Code § 631(a). (*Id.* ¶¶ 10,

22–26, Prayer ¶ A.) Plaintiff contends these allegations establish that "the parties are citizens of different states and the amount in controversy exceeds $75,000." (*Id.* ¶ 5.) However, as the authorities above demonstrate, Plaintiff's jurisdictional allegations are insufficient to establish either party's citizenship. Further, the Court finds these allegations do not establish that the amount in controversy exceeds $75,000. Therefore, Plaintiff's jurisdictional allegations are insufficient to establish this Court's subject matter jurisdiction.

Accordingly, the Court **DISMISSES** Plaintiff's Complaint, **with leave to amend** the jurisdictional allegations **within fourteen (14) days of the date of this order**. Failure to file a timely amended complaint that includes adequate jurisdictional allegations in light of the above will be deemed a concession by Plaintiff that diversity jurisdiction is lacking, and the Court will close this case.

**IT IS SO ORDERED.**

______ : 00

Initials of Preparer SE