TUCKER ELLIS LLP
Alexander R. Safyan (SBN 277856)
alexander.safyan@tuckerellis.com
Roylance L. Bird IV (SBN 358102)
roylance.bird@tuckerellis.com
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

Attorneys for Defendant SECUREWORKS CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVEK SHAH<br><br>                    Plaintiff,<br><br>     v.<br><br>SECUREWORKS CORP.<br><br>                    Defendant. | Case No. 2:25-CV-12381-ODW-(PVCx)<br><br>Hon. Otis D. Wright II<br><br>**DEFENDANT SECUREWORKS CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      April 6, 2026<br>Time:      1:30 p.m.<br>Location:  Ctrm. 5D, 5th Floor<br>           First Street U.S. Courthouse<br>           350 W. 1st Street<br>           Los Angeles, CA 90012<br><br>*(Filed concurrently with Declaration of Alexander Safyan and [Proposed] Order)* |

TUCKER ELLIS LLP
515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071   213.430.3400

DEFENDANT'S MOTION TO DISMISS

# NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THE PARTIES' ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 6, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Otis D. Wright II of the above-entitled Court, located at the First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Courtroom 5D, 5th Floor, Defendant Secureworks Corp. ("Secureworks") will and hereby does move the Court to dismiss Plaintiff Vivek Shah's ("Plaintiff") First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

This motion is made on the grounds that: (1) Plaintiff fails to establish any basis for this Court's subject matter jurisdiction; (2) Plaintiff does not have standing under Article III of the Constitution; and (3) Plaintiff cannot state a claim for relief under Rule 12(b)(6) because he cannot plausibly allege a violation of the California Invasion of Privacy Act (his only claim).

This motion is made following two attempts by Secureworks' counsel to meet and confer with Plaintiff pursuant to Civil Local Rule 7-3, first on February 19, 2026 and then again on February 23, 2026. As further detailed in the Declaration of Alexander R. Safyan filed concurrently herewith, neither conference resulted in a resolution of the issues being raised in this motion.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings and records on file in this action, and such other matters as the Court may consider at or before the hearing on the motion.

DATED: March 6, 2026          TUCKER ELLIS LLP

By:   */s/ Alexander R. Safyan*
     Alexander R. Safyan
     Roylance L. Bird IV
     Attorneys for Defendant
     SECUREWORKS CORP.

TUCKER ELLIS LLP
515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071   213.430.3400

# **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................... 6

II.   BACKGROUND & OVERVIEW OF ALLEGATIONS IN THE FAC ........................................................................................................ 6

III.  ARGUMENT ......................................................................................... 7

    A.    Plaintiff Fails to Establish a Basis for Subject Matter Jurisdiction. ................................................................................... 7

        1.    Plaintiff invokes an inapplicable jurisdictional statute. .................... 7

        2.    Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332(a). ................................................................ 8

            a.    Plaintiff does not plead the citizenship of the parties. ................................................................................ 8

            b.    Plaintiff does not plead the required amount in controversy. ......................................................................... 8

        3.    Plaintiff fails to establish supplemental jurisdiction. ........................ 9

    B.    Plaintiff Fails to Establish Article III Standing. ............................................ 9

    C.    The FAC Also Fails to State a Claim Under CIPA. .................................... 10

        1.    Plaintiff fails to allege the contents of any intercepted communication. ............................................................................. 11

        2.    Plaintiff fails to allege lack of consent. ........................................... 12

IV.   CONCLUSION .................................................................................... 13

TUCKER ELLIS LLP

515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071  213.430.3400

DEFENDANT'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Cases**

*3123 SMB LLC v. Horn*,
880 F.3d 461 (9th Cir. 2018) ...................................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................10

*Cline v. Reetz-Laiolo*,
329 F. Supp. 3d 1000 (N.D. Cal. 2018) ...................................................................................11

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
545 U.S. 546 (2005) ...................................................................................8

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ...................................................................................11

*In re Google, Inc.*,
WL 5423918 (N.D. Cal. Sept. 26, 2013) ...................................................................................12

*Jones v. Tonal Sys., Inc.*,
WL 4357558 (S.D. Cal. Sept 30, 2024) ...................................................................................12

*Kishnani v. Royal Caribbean Cruises Ltd.*,
WL 1745726 (N.D. Cal. 2025) ...................................................................................10

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) ...................................................................................8

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ...................................................................................9

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023) ...................................................................................10

*Opperman v. Path, Inc.*,
205 F. Supp. 3d 1064 (N.D. Cal. 2016) ...................................................................................12

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ...................................................................................9, 10

*Rodriguez v. Ford Motor Co.*,
F. Supp. 3d 1104 (S.D. Cal. 2024) ...................................................................................11

*Silver v. Stripe Inc.*,
WL 3191752 (N.D. Cal. July 28, 2021) ...................................................................................13

*Smith v. Facebook, Inc.*,
745 F. App'x 8 (9th Cir. 2018) ...................................................................................13

*Spokeo v. Robbins*,
578 U.S. 330 (2016) ...................................................................................9

*TransUnion v. Ramirez*,
594 U.S. 413 (2021) ...................................................................................9

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ...................................................................................12

TUCKER ELLIS LLP
515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071   213.430.3400

4

DEFENDANT'S MOTION TO DISMISS

**Statutes**

28 U.S.C. § 1331 ..................................................................................................... 7

28 U.S.C. § 1332(a) ....................................................................................... 7, 8, 9

28 U.S.C. § 1332(d)(2) .......................................................................................... 7

28 U.S.C. § 1367 ..................................................................................................... 9

28 U.S.C. § 1367(a) ............................................................................................... 9

Cal. Penal Code § 631 ............................................................................................ 6

Cal. Penal Code § 631(a) .................................................................................... 11


**Rules**

Rule 12(b)(1) ............................................................................................ 6, 10, 13

Rule 12(b)(6) ............................................................................................ 6, 10, 13


**Constitutional Provisions**

U.S. Const. art. III, § 2 ......................................................................................... 9

U.S. Const. art. III, § 2, cl. 1 ................................................................................ 7

TUCKER ELLIS LLP
515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071   213.430.3400

DEFENDANT'S MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff brings a single claim under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631, alleging that Secureworks embedded tracking technology on its website that transmitted Plaintiff's search queries to third parties without his consent. Secureworks should be dismissed from this action for three independent reasons.

First, even after this Court issued a Minute Order *sua sponte* dismissing Plaintiff's Complaint for lack of subject matter jurisdiction, Plaintiff fails to plead facts in his First Amended Complaint ("FAC") sufficient to establish jurisdiction under Rule 12(b)(1). Indeed, Plaintiff establishes neither diversity of citizenship nor the required amount in controversy. Second, Plaintiff fails to allege an injury in fact sufficient to establish standing under Article III. Third, Plaintiff fails to state a claim under Rule 12(b)(6) because he cannot plausibly allege a violation of CIPA under the circumstances.

Because Plaintiff's claim is jurisdictionally defective and unsupported by any well-pleaded factual allegations, the Court should dismiss the FAC in its entirety.

## II.  BACKGROUND & OVERVIEW OF ALLEGATIONS IN THE FAC

Plaintiff originally filed this lawsuit in this Court on December 22, 2025. (*See* Complaint (ECF No. 1).) Prior to Secureworks filing a responsive pleading, the Court *sua sponte* dismissed Plaintiff's Complaint for failure to allege facts sufficient to establish subject matter jurisdiction. (Minute Order dated January 6, 2026 (ECF No. 9).) That same day, January 6, 2026, Plaintiff filed his FAC, with minimal changes to the jurisdictional allegations. (*See* FAC (ECF No. 10) ¶¶ 5, 8-9.)

Substantively speaking, Plaintiff alleges that, between December 22, 2024 and December 22, 2025, he visited the Secureworks website and entered search terms into a search bar on the site, which were then transmitted to third parties in violation of CIPA. (FAC ¶¶ 1, 2, 10, 12, 26.) Plaintiff alleges that "at least thirteen violations" of CIPA occurred over that period. (*Id.* ¶ 5.) CIPA provides for statutory damages of $5,000 per

TUCKER ELLIS LLP
515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071  213.430.3400

violation. (*Id.*)

Plaintiff further alleges that he was unaware of the website's "third-party tracking and analytics scripts" prior to entering his search query, but then used standard browser developer tools to observe a transmission in which his search term appeared in the request payload of a network request to a third-party domain. (*Id.* ¶¶ 13, 16.) Plaintiff also alleges that he was presented with a cookie consent banner and selected the option to "Use necessary cookies only" before submitting any search queries. (*Id.* ¶ 17.)

## III.    ARGUMENT

### A.    Plaintiff Fails to Establish a Basis for Subject Matter Jurisdiction.

As this Court noted in its January 6, 2026 Minute Order, "[f]ederal courts have subject matter jurisdiction only as authorized by the Constitution and Congress." (Minute Order at 1 (citing U.S. Const. art. III, § 2, cl. 1).) "Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000." (*Id.* (citing 28 U.S.C. §§ 1331, 1332(a)).)

#### 1.    Plaintiff invokes an inapplicable jurisdictional statute.

Plaintiff first alleges that "[t]his Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2)." (FAC ¶ 5.) Section 1332(d)(2), however, governs jurisdiction over class actions under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action …"). Plaintiff does not plead this case as a class action and does not plead that the amount in controversy exceeds $5,000,000. (*See generally* FAC.) Accordingly, Section 1332(d)(2) does not apply.

Even assuming that Plaintiff intended to invoke traditional diversity jurisdiction under 28 U.S.C. § 1332(a), the FAC still fails to allege facts sufficient to establish either diversity of citizenship or the required amount in controversy, as explained below.

DEFENDANT'S MOTION TO DISMISS

TUCKER ELLIS LLP
515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071  213.430.3400

### 2. Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332(a).

#### a. Plaintiff does not plead the citizenship of the parties.

Section 1332(a) requires complete diversity between plaintiffs and defendants: the presence of any plaintiff from the same state as any defendant will "deprive[] the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The citizenship of an individual is based on the state where they are domiciled. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). A corporation, in turn, is "deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." *3123 SMB LLC v. Horn*, 880 F.3d 461, 462-63 (9th Cir. 2018).

Just like in his original Complaint, Plaintiff alleges that he is "a citizen of the United States and a resident of Los Angeles County, California," and that Secureworks is "a Delaware business entity." (FAC ¶¶ 8-9.) These allegations are insufficient to establish complete diversity. Describing Secureworks as merely a "Delaware business entity" does not demonstrate its citizenship, because a corporation is a citizen of both the state where it is incorporated and where it maintains its principal place of business. *See Horn*, 880 F.3d at 462-63. Because the FAC fails to allege the citizenship of Secureworks, it fails to establish complete diversity between the parties.

#### b. Plaintiff does not plead the required amount in controversy.

Diversity jurisdiction also requires that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiff alleges that "CIPA provides for $5,000 statutory damages per violation" and that "[t]here are at least thirteen violations, which amount to at least $75,000 in damages." (FAC ¶ 5.) Even taking these allegations at face value, thirteen alleged violations would amount to $65,000 in statutory damages—below the jurisdictional threshold. And the FAC does not allege any additional damages that would bring the amount in controversy above $75,000. As such, Plaintiff has failed to allege an amount in controversy sufficient to meet the requirement set forth

TUCKER ELLIS LLP
515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071  213.430.3400

DEFENDANT'S MOTION TO DISMISS

in 28 U.S.C. § 1332(a).

### 3.   Plaintiff fails to establish supplemental jurisdiction.

Plaintiff alternatively invokes supplemental jurisdiction under 28 U.S.C. § 1367. (FAC ¶ 5.) Supplemental jurisdiction, however, exists only where a federal court has original jurisdiction over at least one claim in the action. 28 U.S.C. § 1367(a).

Because Plaintiff asserts only a single state law claim and fails to establish diversity jurisdiction, no basis exists for the Court to exercise supplemental jurisdiction.

### B.   Plaintiff Fails to Establish Article III Standing.

Article III of the Constitution limits the federal judicial power to "Cases" and "Controversies." U.S. Const. art. III, § 2. "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion v. Ramirez*, 594 U.S. 413, 423 (2021). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Spokeo v. Robbins*, 578 U.S. 330, 338 (2016). The burden of establishing these elements lies with the plaintiff. *Id.*

To demonstrate injury in fact, the plaintiff must "show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). For purposes of Article III standing, a statutory violation, in and of itself, is insufficient to demonstrate a concrete injury. *Popa v. Microsoft Corp.*, 153 F.4th 784, 792 (2025) (relying on *TransUnion*, 594 U.S. at 430-31 and *Spokeo*, 578 U.S. at 341).

Here, Plaintiff alleges simply that he "accessed" Secureworks' website and submitted "search queries" that were transmitted to third parties. (FAC ¶¶ 2, 10, 12, 14.) Plaintiff fails to identify *any* information that was actually collected or disclosed from those search queries—let alone any personal or sensitive information that could plausibly give rise to a concrete injury. The FAC does not describe the substance of the alleged

TUCKER ELLIS LLP
515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071   213.430.3400

search queries, does not allege that the queries contained personal information, and does not allege that any third party used or retained the information for any purpose. This failure is reason enough to dismiss Plaintiff's claim. *Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *3 (N.D. Cal. 2025) (disposing of CIPA claim for lack of standing where "Plaintiff alleges only that Defendant invaded his privacy by impermissibly collecting Plaintiff's 'data' and 'information'"); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) (dismissing CIPA claim for lack of standing because plaintiff failed to "identify the specific personal information she disclosed that implicates a protectable privacy interest").

Moreover, recent controlling Ninth Circuit authority confirms that the alleged collection of routine browsing-session information does not constitute an actual injury for purposes of Article III standing. In *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025), the Ninth Circuit rejected the contention that the collection and sharing of information related to a user's browsing session—such as URLs and similar data— creates an injury in fact. The court held that such allegations, without more, fail to establish the concrete harm required by Article III. *Id.* at 794. The FAC here alleges nothing more than the transmission of webpage URLs containing unspecified search terms. That type of information falls squarely within the category of routine browsing-session data the Ninth Circuit deemed insufficient in *Popa*. Accordingly, under controlling Ninth Circuit law, Plaintiff fails to plead the injury in fact necessary to establish standing.

For all, or any, of the foregoing reasons, the Court should dismiss the FAC under Rule 12(b)(1).

### C. The FAC Also Fails to State a Claim Under CIPA.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). While the Court must accept well-pleaded factual allegations as true, it need not accept

TUCKER ELLIS LLP

515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071   213.430.3400

DEFENDANT'S MOTION TO DISMISS

"allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Plaintiff asserts a single claim under CIPA, Cal. Penal Code § 631(a). That section states:

> "any person ...[i] who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or [ii] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; [iii] or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, [iv] or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine...."

Cal. Penal Code § 631(a); *Rodriguez v. Ford Motor Co.*, F. Supp. 3d 1104, 1112-13 (S.D. Cal. 2024). "The analysis for a CIPA claim is the same as that under the federal Wiretap Act." *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051 (N.D. Cal. 2018).

### 1. Plaintiff fails to allege the contents of any intercepted communication.

Section 631(a) prohibits the unauthorized attempt to read or learn the "contents" of a communication while it is in transit. Plaintiff has failed to identify the contents of any communication that was allegedly transmitted to third parties, as required by the statute. Crucially, "CIPA § 631(a)[ii] protects only the internal, user-generated material of

11

TUCKER ELLIS LLP
515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071  213.430.3400

a message"; it does not protect "routine identifiers," like a user's "keystrokes, mouse clicks, pages viewed, and shipping and billing information … [or] the date and time of the visit, the duration of the visit, Plaintiff's IP address, [their] location at the time of the visit, [their] browser type, and the operating system on [their] device." *Jones v. Tonal Sys., Inc.*, 2024 WL 4357558, at \*8 (S.D. Cal. Sept 30, 2024) (quoting *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021)). All such categories of data are considered *record information* about the communication, not content of the communication itself. *Id.* Plaintiff bears the burden of demonstrating that the intercepted information at issue was content, not simply record information. *Id.* at \*7.

Here, Plaintiff alleges that the search term he enters, upon appearing in a descriptive URL, converts the entirety of the descriptive URL into content of a communication. Not so. This argument ignores the context of the appearance of the search term, divorcing the descriptive URL captured by the analytics tool from the context of that collection. Within the context of the collection by the analytics tool, the capture of the descriptive URL is, in essence, information about the page viewed by the website visitor. The court in *Jones* expressly found that this was record information and not content of the communication itself. When viewed in the appropriate context, as in *Jones*, it is apparent that the descriptive URL which Plaintiff alleges constitutes content of a communication is solely record information.

### 2.      Plaintiff fails to allege lack of consent.

Lack of consent is an essential element of a CIPA claim; if either party to a communication consents to its interception, there is no violation. *In re Google, Inc.*, 2013 WL 5423918, at \*12 (N.D. Cal. Sept. 26, 2013); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1072 (N.D. Cal. 2016) (consent is a complete defense). Consent can be explicit or implied. *In re Google*, 2013 WL 5423918, at \*12. "The critical question with respect to implied consent is whether the parties whose communications were intercepted had adequate notice of the interception." *Id.*

Courts may consider consent at the motion-to-dismiss stage where lack of consent

TUCKER ELLIS LLP

515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071   213.430.3400

DEFENDANT'S MOTION TO DISMISS

is an element of the claim. *Silver v. Stripe Inc.*, 2021 WL 3191752, at *2 (N.D. Cal. July 28, 2021); *Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018).

Here, Plaintiff alleges that "at least thirteen violations" of CIPA occurred. FAC ¶ 5. Plaintiff further alleges that he "observed and documented one of these transmissions using standard browser developer tools." *Id.* ¶ 16. Plaintiff does not allege which transmission he tracked using browser developer tools—but once the transmission had been identified, Plaintiff would have been on notice that this information was being transmitted. Any further engagement with Secureworks' website and continued testing would therefore constitute implied consent to the transmission of the information Plaintiff alleges constitutes the contents of his communication.

Furthermore, Plaintiff alleges that he was presented with a cookie consent banner and affirmatively selected the option to "Use necessary cookies only" before submitting any search queries. FAC ¶ 17. Plaintiff characterizes this selection as an "express rejection of unnecessary cookies and tracking," but the FAC contains no allegation that the analytics functionality Plaintiff challenges falls outside the website's necessary operational tools. Nor does the FAC plausibly allege that Plaintiff lacked notice that such functionality could operate when he chose to proceed with the website after selecting the "necessary cookies" option. Accordingly, Plaintiff's own allegations establish that he consented to the operation of the cookies underlying his claim.

Because the FAC does not plausibly allege lack of consent—and instead alleges facts demonstrating both implied and explicit consent—Plaintiff's CIPA claim fails.

## IV.    CONCLUSION

Plaintiff has already been afforded an opportunity to amend his pleading after the Court identified defects in his jurisdictional allegations. Despite that opportunity, Plaintiff has failed to cure those deficiencies. Because the FAC still fails to establish subject matter jurisdiction, and because Plaintiff lacks Article III standing, the FAC should be dismissed under Rule 12(b)(1). In the alternative, dismissal is warranted under Rule 12(b)(6) because the FAC fails to state a plausible claim under CIPA.

TUCKER ELLIS LLP
515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071  213.430.3400

DEFENDANT'S MOTION TO DISMISS

For the foregoing reasons, Secureworks respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's First Amended Complaint with prejudice.

DATED:  March 6, 2026                              TUCKER ELLIS LLP


                                                  By:     /s/ Alexander R. Safyan
                                                          Alexander R. Safyan
                                                          Roylance L. Bird IV
                                                          Attorneys for Defendant
                                                          SECUREWORKS CORP.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Secureworks Corp., certifies that this brief contains 3708 words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 6, 2026                    TUCKER ELLIS LLP


By:    /s/ Alexander R. Safyan
       Alexander R. Safyan
       Roylance L. Bird IV
       Attorneys for Defendant
       SECUREWORKS CORP.

DEFENDANT'S MOTION TO DISMISS